IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTINE QUERRY,                    )
                                     )
            Plaintiff,               )   Civ. No.  06-1675-TC
                                     )
      vs.                            )
                                     )
                                     )
                                     )   OPINION AND ORDER
                                     )
COMMISSIONER of Social Security,)
            Defendant.               )
_____)

Coffin, Magistrate Judge:


    Plaintiff, Christine Querry, applies for fees and costs
pursuant to 28 U.S.C. § 2412 et seq.  For the reasons that
follow, plaintiff's fee request (#21) is granted.


## Discussion

    Based on the hourly rates applicable to social security
legal work performed in 2006 ($161.85) and 2007 ($166.26),
plaintiff requests a total of $10,582.76, the sum of 60.05 hours'
work in 2007 and 3.7 hours' work in 2006.  Plaintiff adds to this
sum $350 in costs, and a supplemental request for $548.37, the
amount of fees accrued in drafting plaintiff's reply to the

1 Opinion and Order

Commissioner's brief opposing her fee request.

Under 28 U.S.C. § 2412, plaintiff is entitled to an "award reasonable fees and expenses of attorneys, in addition to the costs" upon prevailing, "unless the position of the United States was substantially justified" or where "special circumstances make and award unjust." There is no dispute that plaintiff prevailed in this matter; the decision of the Commissioner was reversed and the matter remanded for an award of benefits. Further, the Commissioner does not assert that its position was "substantially justified" so as to preclude a fee award, nor does it argue that an award would be unjust.

Rather, the Commissioner asserts that the number of hours expended by plaintiff is unreasonable. In large part, the Commissioner rests on the proposition that senior attorneys at the Wilborn firm should demonstrate a measure of efficiency that, in the Commissioner's view, might have reduced their billed hours by one-third. The Commissioner further asserts that a less senior member of the firm billed an excessive number of hours (35.75) after drafting plaintiff's opening brief.

The Commissioner's arguments are unavailing. The court appreciates the complexity of the legal arguments implicated in its review of the Commissioner's final decision, the length of the administrative record, and the reach of plaintiff's research in addressing a host of asserted errors. It is unclear how additional experience could have reduced the time spent on the opening brief, which would have required time-consuming record review, drafting, and extensive legal research regardless of one's seniority in the field. The Commissioner does not point to other

2 Opinion and Order

particular expenses that he deems egregious.  The Commissioner's seniority-based argument simply does not engage the highly developed evidence concerning plaintiff's work and expenses.

The remainder of the Commissioner's reasoning is based in part on a notion that certain social security cases are routine and others are not; that this case is more like a routine case than a nonroutine case, and for that reason, a 40-hour expectation is more reasonable than the approximately 67 hours that plaintiff seeks to remunerate.  Having the benefit of a detailed accounting of plaintiff's time, an understanding of the demands that plaintiff met in order to achieve her outcome, and an appreciation of the record, I cannot agree that a 40-hour cap is appropriate in this case.  Furthermore, a review of comparators in a number of jurisdictions persuades the court that the number of hours that plaintiff spent on this matter is not out of step with that of other practitioners seeking review of benefits determinations in district courts.  E.g., Carr v. Astrue, CV 06-825-ST, at 4 (D. Or. Dec. 12, 2007) (63 hours); Wirth v. Barnhart, 325 F.Supp.2d 911 (E.D. Wis. 2004) (over 60 hours); Norton v. Apfel, No. Civ.A. 99-2209 (E.D. La., Aug. 3, 2000) (approximately 75 hours); Greene v. Barnhart, No. 03-36-B-W, (D. Maine, June 15, 2004) (65 hours).

## Conclusion

Plaintiff's request for fees and costs (#21) in the amount of $11,481.13 is granted.

//

//

//

3 Opinion and Order

IT IS SO ORDERED.


        Dated this ___5___ day of February, 2008.


                              _____
                              THOMAS COFFIN
                              United States Magistrate Judge

4 Opinion and Order